Hurley, J.
The plaintiff claimed a report from the allowance of a motion for summary judgment. We dismiss the report.
The plaintiffs complaint is in three counts: the defendant was negligent in failing to provide adequate insurance coverage; the defendant breached its agreement to provide advice and proper insurance coverage; the defendant failed to provide proper insurance coverage to the plaintiff. His damages occurred because of a fire at his business. He alleges he had inadequate property damage coverage because of the defendant’s actions. The draft report consists of the plaintiff’s complaint, the defendant’s motion for summary judgment and the judgment. The report does not contain all of the material presented to the motion judge.
In his brief the plaintiff argues that the defendant should have made sure that the plaintiff had enough coverage to make him whole after this fire loss. The argument tracks the general allegations made in the plaintiff’s complaint. There are no allegations that the defendant and plaintiff had agreed that the defendant undertook to determine the amount of coverage necessary to compensate the plaintiff for this loss to his restaurant property. The only allegation relative to this is that “[Tjhe insurance that the defendant last obtained for the plaintiff (issued May 22, 1990 through May 22, 1991) was for the same amount of coverage as the policy issued May 22, 1984, i.e. Two Thousand Dollars ($2,000.00).” There is a general allegation in the complaint that the defendant failed to advise the plaintiff that he was not “fully or properly covered against such losses.”
The defendant’s position is that the plaintiff suggested no facts in the complaint to indicate that the defendant failed to provide the insurance coverage requested *213 by the plaintiff. There is no allegation that the plaintiff requested the defendant to examine the sufficiency of the contents coverage at issue. Apparently[2] the motion judge had the benefit of an affidavit of the plaintiff, a transcript of a deposition of the president of the defendant and a memorandum from each side. These materials are not included in the Report. This necessarily limits the view of the Appellate Division. Dist./Mun. Cts. R. Civ. R, Rule 64(c) (2) provides in pertinent part that “... copies of the complaint or any pleading necessary for the understanding or decision of the questions involved shall be annexed to or incorporated in the draft report.” As stated above, the only papers incorporated in the draft report are the complaint, the defendant’s motion for summary judgment and the judgment. The plaintiff has, however, attached to his brief a copy of the plaintiffs affidavit[3] and copies of papers of a deposition of the president of the defendant. Even if these materials were properly before us, they are not helpful to the plaintiffs position on appeal. The statements in the affidavit relative to coverage are conclusory: that he relied on the defendant’s “knowledge and expertise.” The transcript presents testimony that the defendant provided the insurance coverages requested by the plaintiff. There is also some testimony that the plaintiff was requested to review the coverage provided in the policy.
Assertions, conclusions, beliefs, assumptions and understandings may not be relied upon to defeat a motion for summary judgment. Key Capital Corporation v. M&S Liquidating Corp., 27 Mass. App. Ct. 721 (1989). It is apparent based on the record before us as well as the materials appended to the plaintiff’s brief, that the motion judge determined that the plaintiff could prove no facts which would support recovery for the plaintiff. No facts were presented which placed the burden on the defendant to examine the plaintiff’s coverage requirements. The facts presented support the position that the defendant secured the insurance coverage requested by the plaintiff. The plaintiff suggests his loss is in excess of $87,000. The amount of coverage in effect since 1984 is $2,000. No request to increase coverage was made by the plaintiff. Nothing is alleged by the plaintiff to require that the defendant make that decision instead of the plaintiff.
It appears that the motion judge was correct in determining that no genuine issue of material fact existed and that the defendant is entitled to summary judgment as a matter of law. See Salem Building Supply Company, Inc. v. J.B.L. Construction Company, Inc., 10 Mass. App. Ct. 360 (1980). Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991).
There are no facts alleged by the plaintiff which put the burden on the defendant to do more than provide the insurance requested by the plaintiff. While there is alleged a long relationship with the defendant and its predecessor agency, it is not alleged that there exist any special set of circumstances or arrangements that placed the burden of the amount of coverage on the shoulders of the defendant. Nothing presented by the plaintiff in response to the motion for summary judgment suggests the existence of any disputed facts concerning the relationship of the parties. The allegations presented do not rise to the relationships found in Bicknell, Inc. v. Havlin, 9 Mass. App. Ct. 497 (1980) and McCue v. Prudential Insurance Company of America, 371 Mass. 659 (1976).
We find no error. Report dismissed.

There are references in the briefs to materials not included in the record before the Appellate Division.

It is not clear whether this affidavit was submitted in response to the motion for summary judgment.